# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

NAPOLEON POLLARD,                                                                              PLAINTIFF
ADC #89052

v.                                               5:08-cv-00289-DPM-JTK

JOSEPH K. BUCHMAN, et al.                                                                DEFENDANTS

## ORDER

This matter is before the Court on Plaintiff's Renewed Motion for Reimbursement of Out of Pocket Expenses (Doc. No. 108).[1] Defendant Anderson filed a Response to the Motion (Doc. No 109).

Local Rule 83.6 provides for reimbursement of expenses of appointed attorneys in cases where counsel is appointed pursuant to 28 U.S.C. § 1915. The Rule also provides for counsel to obtain pre-approval of any single anticipated expense exceeding $500.00. In the present Motion, Plaintiff asks for pre-approval of expenses associated with the retention of a medical expert. Plaintiff states he received 2,000 pages of medical records through discovery, which his medical expert needs at least 20 hours to review. Based on the expert's hourly rate of $450.00, Plaintiff asks for approval of $9,000 for review of his medical records. Plaintiff also states this amount does not cover any additional services from the expert which may become necessary, including preparation of a report, deposition testimony, or trial testimony.

In his Response, Defendant Anderson objects to the Plaintiff's request. He states although Plaintiff received 2,000 pages of medical records, the expert does not need to review the records preceding the date of Plaintiff's surgery (excepting the few relating to physical examinations of

---

[1] Plaintiff's first Motion for Reimbursement for the purpose of employing a medical expert, did not include an approximation of the cost of the expert and therefore, was denied without prejudice by Order dated August 27, 2010 (Doc. No. 107).

Plaintiff prior to the surgery). Defendant also objects to the appointment of an expert and asks the Court to conduct a hearing on the issue.

The Court declines to conduct a hearing on the need for an expert, and will approve reasonable expenses associated with Plaintiff's decision to retain an expert. However, the dollar amount requested by Plaintiff for the purpose of evaluating his medical records is excessive. As noted by Defendant Anderson, an expert does not need to examine all Plaintiff's records in order to render an opinion on the issues raised in Plaintiff's Complaint. Therefore, the Court will approve a maximum amount of $2,500.00 for review of Plaintiff's medical records by an expert. The Court also will require pre-approval of any additional expenses associated with obtaining this expert's opinion. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Reimbursement (Doc. No. 108) is GRANTED in part, to the extent that the Court preapproves a maximum expenditure of $2,500.00 for review of Plaintiff's medical records by an expert, and DENIED in all other respects.

IT IS SO ORDERED this 27th day of September, 2010.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE