## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

NAPOLEON POLLARD                                                                       PLAINTIFF

v.                          5:08-cv-00289-DPM-JTK

JOSEPH K. BUCHMAN, Dr.,
Little Rock, AR; et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Introduction

This matter is before the Court on the Defendants' Motions for Summary Judgment (Doc. Nos. 122, 131). Plaintiff filed Responses in opposition to the Motions (Doc. Nos. 141-144), and Defendant Anderson filed a Reply (Doc. No. 145).

Plaintiff Nathaniel Pollard filed this action pursuant to 42 U.S.C. § 1983 while incarcerated at the Diagnostic Unit of the Arkansas Department of Correction (ADC). He notified the Court of his release from state custody on October 6, 2009 (Doc. No. 75). In his Complaint, Plaintiff alleges Defendants acted with deliberate indifference in failing to adequately treat his medical condition following surgery to repair a hernia. He also asserts a state law medical malpractice claim against Defendant Buchman, and asks for damages from all Defendants.

Plaintiff's Eighth Amendment deliberate indifference allegations against Defendants Norris, Byus, and Buchman were dismissed by Order dated September 23, 2010 (Doc. No. 110). Therefore, the allegations remaining in this case are a state law medical malpractice claim against Defendant

Buchman and an Eighth Amendment deliberate indifference claim against Defendant Anderson.

## II.     Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Webb, 144 F.3d at 1135, quoting Celotex Corp., 477 U.S. at 324.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Webb, 144 F.3d at 1135.

### A.     Defendant Buchman

Defendant Buchman states in his Motion that Plaintiff's medical malpractice claim against him should fail because Plaintiff does not provide an expert opinion to support his claims. According to the state medical malpractice statute, ARK. CODE ANN. §16-114-206, Plaintiff must provide the testimony of a qualified expert witness.  In addition, Defendant states that actions for medical injury "are dependent upon expert testimony," citing Spring Creek Living Ctr. v. Sarrett,

319 Ark. 259, 262, 890 S.W.2d 598, 600 (1995).  Defendant states that although this Court provided Plaintiff with additional time and the funding to employ an expert, Plaintiff has not produced any expert testimony in support of his malpractice claim.  Defendant also provides the Affidavit of his own expert, Dr. Charles Mabry, who reviewed Plaintiff's medical records and concluded that no evidence exists that Defendant Buchman was negligent or committed malpractice during the care and treatment of the Plaintiff.  (Doc. No. 122-2.)  He also concluded that Plaintiff provides no evidence to link his subsequent paralysis to the medical care and treatment provided by Defendant. Id.

### B.     Plaintiff's Response

In his Response, Plaintiff states he experienced paralysis from his waist down following the surgery by Dr. Buchman, and disputes the opinion provided by Dr. Mabry.  Plaintiff also references the fact that this Court funded and approved an expert on his behalf and yet did not receive an affidavit from him.  Plaintiff asks the Court to grant him an additional expert.

### C.     Analysis

Arkansas law provides that expert testimony is required when an alleged medical injury involves an issue which is not within the jury's common knowledge.  ARK. CODE ANN. § 16-114-206(a) (2006).  In this case, it is undisputed that Plaintiff fails to offer any expert support for his claim of medical injury against Defendant Buchman.[1]  Plaintiff alleges that his paralysis was caused

---

[1] By Order dated January 21, 2011 (Doc. No. 113), this Court approved the distribution of funds to Plaintiff's former appointed counsel for the purpose of obtaining an expert's review of Plaintiff's medical records.  In addition, by Order dated April 14, 2011, the Court approved the distribution of additional funds to cover the cost of the expert's report. (Doc. No. 119.)   The Court also granted the Motions to Withdraw filed by Plaintiff's Court-appointed counsel (Doc. Nos. 119, 121, 129). Plaintiff has never filed that report with the Court or otherwise tried to make it a part of his case; therefore, the Court is unwilling to pay for yet another expert.

by Defendant Buchman's negligent treatment of him both during and after the surgery. This allegation is not one within the common knowledge of a jury, and therefore, absent an expert opinion in support, Plaintiff's claim against Defendant must fail.

### D.  Defendant Anderson

In support of his Motion, Defendant Anderson provides an Affidavit which is based on a review of Plaintiff's medical records. (Doc. No. 131-1.) According to this Affidavit, Plaintiff was recommended for surgery to repair an inguinal hernia in June, 2006, while incarcerated at the ADC. (Id. at p. 1.) Surgery was performed by Defendant Buchman on October 20, 2006, at the Southwest Hospital in Little Rock, Arkansas. (Id.) In November, 2006, Plaintiff was diagnosed with an epidural abscess, and received intravenous antibiotic treatments for twelve weeks until the abscess was resolved. (Doc. No. 131, p. 2.) During that time, Plaintiff also began to experience some paralysis, and was eventually diagnosed with Cauda Equina Syndrome. (Id.) Plaintiff was examined by a spinal cord injury specialist, Dr. Tom Kiser, who recommended that Plaintiff receive physical therapy. (Id.) Plaintiff received physical therapy from outside therapists from 2007-2008, and thereafter continued to receive physical therapy from medical personnel at the Diagnostic Unit. (Id.) Defendant also states that he is the Regional Medical Director for Correctional Medical Services, Inc. (CMS), which is the company contracted to provide medical care and treatment to the ADC inmates. (Id. at p. 1.) Defendant's duties include supervising the administration of medical services at the ADC units, but do not include directing the practice of the individual physicians and nurses, or acting as a physician to any of the inmates. (Id. at p. 2.)

In support of his Motion, Defendant Anderson states Plaintiff is attempting to hold him liable based on his supervisory position only, and that such liability is not available under § 1983 without


a showing that he personally participated in, or had a responsibility for, the particular act which deprived Plaintiff of his constitutional rights. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). Anderson also states that although Plaintiff claims he was denied physical therapy, he does not point to a specific time period in which he was denied therapy, and his complaint appears to be a disagreement over the manner and type of therapy he received. According to Defendant Anderson, a review of Plaintiff's medical records shows he was provided appropriate physical and rehabilitative therapy from July 3, 2007 - August 24, 2007, and from January 21, 2008 - March 27, 2008. (Doc. Nos. 131-2-131-5.) These records also indicate Plaintiff refused physical therapy on numerous occasions (Doc. No. 131-5, pp. 27-36).

### E.     Plaintiff's Response

Plaintiff maintains in his Response that Defendant Anderson denied him physical therapy which would help him to walk. He acknowledges that two physical therapists came to the Diagnostic Unit, but claims Defendant denied him inpatient/outpatient aquatic therapy.

### F.     Defendant Anderson's Reply

Defendant states Plaintiff fails to establish that he was directly involved in his care and treatment, and that Defendant denied him care, treatment and physical therapy after development of Cauda-Equina Syndrome. Anderson states Plaintiff provides no expert testimony to contradict the medical records which show treatment and adequate care were provided to Plaintiff. Citing Dulany, Defendant notes that in the face of medical records indicating treatment was provided, and affidavits indicating adequate medical care was provided, an inmate can not create a question of fact by stating that he "did not feel [he] received adequate treatment." 132 F.3d at 1240.

**G.     Analysis**

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

Having reviewed Plaintiff's Complaint, Defendants' Motion, and the evidence provided in support, the Court finds no dispute of fact concerning the medical care and treatment provided to

7

the Plaintiff. The medical records clearly show Plaintiff was treated by medical personnel at the ADC following his hernia surgery and following his diagnosis with Cauda Equina Syndrome. Plaintiff provides no evidence to support his bare allegation that Defendant Anderson denied him physical therapy. Plaintiff's medical records show he received therapy from outside professionals and also CMS employees, and they also show he refused therapy on numerous occasions. (Doc. No. 131-5, pp. 27- 36.) Plaintiff does not point to any specific instance where Dr. Anderson denied a course of therapy recommended by Dr. Kiser or otherwise participated in his care and treatment. He also provides no medical or other evidence to show that Defendant acted with deliberate indifference to his care and treatment. Plaintiff does not, in the face of his medical records and physician affidavits, provide any evidence in support of his claims to support a denial of summary judgment . Finally, Plaintiff provides no evidence that he suffered detrimentally due to any delays in his treatment.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Motions for Summary Judgment (Doc. Nos. 122, 131) be GRANTED and that Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 8th day of September, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE